IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

GEORGE L. ROSAS,                        §
    TDCJ-CID #10031115,                §
                       §
VS.                                     §         C.A. NO. C-09-310
                       §
SHERIFF KAELIN, ET AL.                  §

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS ACTION

       This case is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983.

       Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A.  Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper.  Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999).  Plaintiff's pro se complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

Applying these standards, it is respectfully recommended that plaintiff's claims against the named defendants be dismissed for failure to state a claim and/or frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

## I.    Jurisdiction.

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.

## II.    Background facts and plaintiff's allegations.

Plaintiff is currently incarcerated at the Nueces County Jail on a blue warrant.  He filed this lawsuit on November 13, 2009, and named the following employees of Nueces County as defendants:  (1) Sheriff Kaelin; (2) Grievance Investigator L. Cooper; (3) Officer-Trainee R. Caffey; and (4) Officer G. Vela.

A Spears[1] hearing was conducted on January 7, 2010.  The following allegations were made in plaintiff's original complaint (D.E. 1), letter to the Court (D.E. 14), or at the hearing:

On May 31, 2009, plaintiff filed a complaint against Officer-Trainee Caffey alleging that the officer-in-training had threatened him with excessive force.   In addition, plaintiff's wife, Melony McGill, called Sergeant Cavasos and reported the threat that Officer Caffey had made against her husband.

---

[1] Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985); see also Eason v. Holt, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a Spears hearing is incorporated into the pleadings).

On June 1, 2009, Officer Cooper, a jail grievance investigator, responded to the grievance and told plaintiff that "appropriate action will be taken on Caffey." However, after plaintiff reported the incident, Officer Caffey began stopping at plaintiff's cell to look at pictures of plaintiff's wife and family that were displayed on his desk. Plaintiff complained of this behavior to Officer Cooper.

During the end of June or beginning of July, 2009, Officer Caffey was working the visitation desk downstairs. Plaintiff's wife came to visit, and while there, Officer Caffey made a comment to her about a tattoo on her chest. On her next visit, Officer Caffey again tried to engage her in conversation. Ms. McGill told plaintiff about Officer Caffey's conduct, but she begged him to not complain.

On July 25, 2009, Ms. McGill told plaintiff that Officer Caffey had made more offensive remarks, such as "if McGill was faithful to Rosas...". On that same day, plaintiff told Officer Caffey that he was going to file a grievance against him for harassing his wife. About an hour after visitation, Officer Caffey conducted a shakedown of plaintiff's cell. After the shakedown, plaintiff told Sergeant Stewart that Officer Caffey had sexually harassed his wife during visits. Plaintiff then filed a complaint against Officer Caffey alleging retaliation and sexual harassment of his wife. Later that night, Officer Vela took plaintiff's grievance to the 5th Floor picket where Officer Caffey was working, rather than turn it in.

3

In August 2009, another inmate told plaintiff that Officer Caffey had also harassed his wife. Also in August, plaintiff learned that Officer Caffey was suspended for covering-up an illegal use of force. According to plaintiff, the other officer involved in the use of force was terminated.

On August 18, 2009, plaintiff asked Officer Cooper about the status of his July 25, 2009 grievance against Officer Caffey. Officer Cooper stated that the grievance must have gotten misplaced and that it would probably show up in 2 to 3 months.

On August 20, 2009, Ms. McGill told Officer Rita Adame that she wanted to speak to a supervisor about Officer Caffey's behavior. Officer Adame called Investigator Cooper. Officer Cooper responded that the matter had been investigated, and refused to talk to Ms. McGill.

On August 21, 2009, plaintiff wrote another grievance inquiring about the status of his July 25, 2009 grievance.

On August 25, 2009, plaintiff filed a grievance against Officer Caffey and Officer Vela alleging sexual harassment, retaliation, conspiring to destroy grievances, and cruel and unusual punishment.

On September 11, 2009, plaintiff received a response stating that his complaints were unsubstantiated.

Sometime between October 3-5, 2009, Officer Caffey was involved in a use of force with another inmate.

4

On October 12, 2009, plaintiff sent requests for certain legal material not available in the law library.  Officer Cooper told plaintiff that the law library had federal law materials; however, there are no federal law casebooks or other materials.

On October 13, 2009, plaintiff requested three cases from the law library in preparation of filing his § 1983 complaint.

On October 23, 2009, Officer Cooper came to escort plaintiff to the law library; however, it was also plaintiff's commissary time.  Plaintiff elected to go to the commissary over the law library.  That same day, Officer Caffey was assigned to work on plaintiff's housing floor.  Officer Caffey immediately began to provoke plaintiff.  Officer Caffey was removed from plaintiff's floor.

In the past six months, plaintiff has only gotten to go to the law library six or seven times, and only for one and a-half hours each time.

On October 27, 2009, in response to a grievance, Officer Cooper told plaintiff that the jail law library is adequate, and that offenders are allowed one hour library time every ten days.

On November 13, 2009, plaintiff filed the instant lawsuit.  (D.E. 1).  On December 31, 2009, plaintiff filed a letter to the Court in which he complained that Officer Cooper was continuing to deny his requests to visit the law library and/or for materials.  (D.E. 14).  Plaintiff related that it is useless to file a grievance about the situation because Officer Cooper is in charge of investigating the grievances.

5

III.    **DISCUSSION**.

    A.    **Legal standard.**

    Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see also Biliski v. Harborth, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. Id.

    B.    **Claims on behalf of Melody McGill.**

    Plaintiff identified his wife, Melody McGill, as a co-plaintiff in this action and she signed the complaint. Ms. McGill was mailed a notice informing her that she must pay the filing fee or submit an application to proceed *in forma pauperis* (D.E. 8). She did not do so. Ms. McGill was mailed a notice of the evidentiary hearing. She did not appear. Plaintiff is not an attorney and he may not represent her. See Gonzales v. Wyatt, 157 F.3d 1016, 1021 (5th Cir. 1998). Thus, it is respectfully recommended that all claims brought by plaintiff Melody McGill be dismissed without prejudice.

6

### C.    Denial of access to courts.

Plaintiff claims that defendants have failed to maintain an adequate law library.   He claims further that Officer Cooper has repeatedly denied his requests for law library time and for requested legal sources and materials.

Prisoners have a constitutionally protected right of access to the courts.  See Lewis v. Casey, 518 U.S. 343, 360 (1996) (citing Bounds v. Smith, 430 U.S. 817 (1977)).  The State must furnish indigent inmates with pen and paper to draft legal documents, stamps to mail them, and adequate opportunity to conduct legal research through access to adequate law libraries or access to "persons trained in the law" or other persons who can provide legal assistance.   Bounds, 430 U.S. at 824-28.   However, prison officials have considerable discretion in providing legal resources to prisoners.  Lewis, 518 U.S. at 356.  The right does not guarantee any "particular methodology but rather the conferral of a capability – the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts."  Id.  See also Jones v. Greninger, 188 F.3d 322, 325 (5th Cir. 1999) (the right provides a reasonable opportunity to file nonfrivolous legal claims challenging convictions or conditions of confinement).  Because the right of access is not a "freestanding right," the plaintiff must demonstrate actual injury resulting from an alleged denial of access to the courts.  Lewis, 518 U.S. 351; Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999). Without a showing of an actual injury, a plaintiff lacks standing to pursue a claim of denial of access to the courts.  Lewis, 518 U.S. at 349.

To meet the standing requirement, plaintiff "must allege personal injury fairly traceable to the defendant's allegedly unlawful conduct and likely to be redressed by the requested relief." Raines v. Byrd, 521 U.S. 811, 818 (1997) (quoting Allen v. Wright, 468 U.S. 737, 751 (1984). Plaintiff "must establish that he has a personal stake in the alleged dispute and that the alleged injury suffered is particularized as to him." Id. at 819. In particular, to succeed on a claim of denial of access to courts, plaintiff must show that he lost an actionable claim or was prevented from presenting such a claim because of the alleged denial. See Lewis, 518 U.S. at 356. To prevail on a denial of access to the courts claim under § 1983, a plaintiff must show that he suffered an "actual injury." Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999) (citing Lewis, 518 U.S. at 351-54); Eason v. Thaler, 73 F.3d 1322, 1328 (5th Cir. 1996).

In his complaint, plaintiff asserted that the inadequate library violates his constitutional rights; however, he did not allege any prejudice in any pending action. He argued that he wanted to do his own research on the charges against him and domestic violence. However, plaintiff admitted that he was represented by counsel concerning the charges behind the blue warrant. If a plaintiff has court-appointed or hired counsel to represent him, he does not have a constitutional right of access to a law library to prepare his criminal defense. Degrate v. Godwin, 84 F.3d 768, 769 (5th Cir. 1996). Thus, the mere fact that plaintiff was unable to do additional legal research concerning the criminal case fails to state a constitutional violation. As to the instant § 1983 action, plaintiff was able to file suit,

8

move for *in forma pauperis*, and supplement his complaint.  He participated in a hearing and has not missed any deadlines.  Thus, he fails to establish prejudice in any pending action, and it is respectfully recommended that his claims against defendants in their individual capacities be dismissed.

Plaintiff has also sued the County employees in their official capacities as well as individually.

For purposes of liability, a suit against a public official in his official capacity is in effect a suit against the local government entity he represents.  Mairena v. Foti, 816 F.2d 1061, 1064 (5th Cir. 1987).  Thus, plaintiff's claims against defendants in their official capacities are in fact claims against Nueces County.  To hold Nueces County liable  under § 1983,  he must establish: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose "moving force" is the policy or custom. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978); Piotrowski v. City of Houston, 237 F.3d 567, 578 (5th Cir.), cert. denied, 534 U.S. 820 (2001).  These three elements are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself.  Id.  Consequently, "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger liability."  Piotrowski, 237 F.3d at 578.  An "official policy" may be either a written policy or "a persistent widespread practice of [municipal] officials or employees, which,

although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy." <u>Lawson v. Dallas County</u>, 286 F.3d 257, 263 (5th Cir. 2002) (quoting <u>Webster v. City of Houston</u>, 735 F.2d 838, 841 (5th Cir. 1984) (en banc)).  There must be a link between the policy and the constitutional violation, and the policy must be maintained with an objective deliberate indifference to a constitutionally protected right.  <u>Id.</u>

Here, plaintiff maintains that the Nueces County law library is inadequate.  However, as noted above, he fails to establish prejudice in any pending litigation, such that he fails to state a constitutional violation.  Therefore, plaintiff is unable to establish a link between County policy and a constitutional violation.  Thus, it is respectfully recommended that his denial of access to the courts claim against Nueces County be dismissed for failure to state a claim and/or as frivolous.

**D.    Investigation of grievances.**

Plaintiff claims that Officer Cooper violated his rights because he failed to investigate his grievances against Officer Caffey.  He claims further that Officer Cooper failed to review the videocamera tape that would have shown Officer Vela had possession of his July 25, 2009 grievance and did not turn it in, failed to meet with his wife to discuss her claims, and ignored evidence to cover-up Officer Caffey's wrongdoings.  He claims that Officer Vela intentionally misplaced a grievance.

10

Prisoners do not have a federally protected liberty interest in having their grievances resolved to their satisfaction, and any alleged due process violation arising from the alleged failure to investigate prisoner grievances is indisputably meritless.  Geiger v. Jowers, 404 F.3d 371 95th Cir. 2005).  See also Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996) ("[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause."); Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) ("[T]he constitution creates no entitlement to grievance procedures or access to any such procedure voluntarily established by the state.").  These allegations fail to state a cognizable constitutional claim, and it is respectfully recommended that plaintiff's failure to investigate grievances claims be dismissed.

### E.    Retaliation.

Plaintiff claims that Officer Caffey retaliated against because he filed a grievance against him on July 25, 2009 after Officer Caffey allegedly harassed his wife.  Plaintiff points out that, on the same date he filed the grievance, his cell was searched.

To state a valid § 1983 claim for retaliation, "a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation."  Jones v. Greninger, 188 F.3d 322, 324-25 (5th Cir. 1999).  An inmate must allege more than his personal belief that he is the victim of retaliation.  Johnson v. Rodriguez, 110 F.3d 299, 310 (5th Cir. 1997) (citation omitted).  The Fifth Circuit has explained that an "inmate must produce direct

evidence of motivation or, the more probable scenario, 'allege a chronology of events from which retaliation may plausibly be inferred.'" Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995).

The purpose of allowing retaliation claims under § 1983 is to ensure that prisoners are not unduly discouraged from exercising such constitutional rights. Morris v. Powell, 449 F.3d 682, 686 (5th Cir. 2006). However, some acts, even though they may be motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights. Id. Such acts do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim. Id. For example, a job transfer from the commissary to the kitchen might be *de minimis*, while a transfer to a more dangerous unit might constitute an adverse retaliatory act. Id. at 687.

At the evidentiary hearing, plaintiff admitted that the search of his cell was, in fact, a shake-down of the entire eight-man tank and that officials were looking for illegal tattoo equipment. Plaintiff testified further that all eight bunks were searched, and that none of his personal property was confiscated. Thus, there is no evidence to suggest that plaintiff was singled out for a search in retaliation for his filing a grievance.

Moreover, the mere fact that plaintiff's cell was searched would amount to no more a *de minimis* injury as prisoners have no expectation of privacy in their cells. Hudson v. Palmer, 468 U.S. 517, 525-26 (1984) . Thus, this allegation fails to state a claim, and it is respectfully recommended that plaintiff's retaliation claim be dismissed.

12

**F.      Conspiracy.**

Plaintiff claims that Officer Caffey and Officer Vela conspired to destroy his July 25, 2009 grievance.

To allege a claim of conspiracy to deprive one of his constitutional rights, a plaintiff must allege, (1) a conspiracy involving two or more persons; (2) for the purpose of depriving, directly or indirectly, a person or class of persons of the equal protection of the laws; and (3) an act in furtherance of the conspiracy; (4) which causes injury to a person or property, or deprivation of any right or privilege of a citizen of the United States.  Hilliard v. Ferguson, 30 F.3d 649 (5th Cir. 1994).  Where all of the defendants are members of the same collective entity, however, the conspiracy does not involve two or more people.  Hilliard, 30 F.3d at 653; see also Moody v. Jefferson Parish Sch. Bd., 803 F. Supp. 1158, 1166 (E.D.La.1992) (School Board, Principal, Vice-Principal, and various teachers are all employed by the Jefferson Parish School Board and, thus, are a single entity), aff'd, 2 F.3d 604 (5th Cir.1993); Hankins v. Dallas Indep. Sch. Dist., 698 F.Supp. 1323, 1330 (N.D.Tex. 1988) (high school and its officials constitute a single entity).

Plaintiff produces no facts, other than his personal belief, that there is a conspiracy, and such allegations fail to state a claim.  McAfee v. 5th Circuit Judges, 884 F.2d 221 (5th Cir. 1989)  (conclusory allegations lacking reference to material facts are not sufficient to state a claim of conspiracy under section 1983).  Moreover, both defendants are members of the same collective entity, such that plaintiff fails to state a conspiracy claim.  Hilliard, 30

13

F.3d at 653.   Thus, it is respectfully recommended that plaintiff's conspiracy claim be dismissed with prejudice for failure to state a claim and/or as frivolous.

## IV.      Recommendation.

For the reasons stated above, it is respectfully recommended that, all claims brought by plaintiff Melody McGill be dismissed without prejudice.  As to plaintiff Rosas' claims, it is respectfully recommended that the Court find that plaintiff has failed to state cognizable constitutional claims against defendants and/or that his claims are frivolous, and that this action be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

Finally, it is recommended that, because this is a dismissal described by 28 U.S.C. § 1915(g) ( a "strike" for frivolous filing), that the Court instruct the Clerk to provide copies of the dismissal order to the parties, to the TDCJ–Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711, Fax Number (512) 936-2159, and to the District Clerk for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler Texas, 75702, Attention: Betty Parker.

Respectfully submitted this 22nd day of January, 2010.

B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE

14

## <u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within FOURTEEN (14) DAYS after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Article IV, General Order No. 02-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).